WABASH  RAILROAD  COMPANY,  Respondent,  v.
ALVENA ORDELHEIDE, Executrix, Appellant.

**St. Louis Court of Appeals, April 23, 1901.**

1. **Probate Court:** ALLOWANCE TO REIMBURSE RAILWAY COMPANY: AUTHORIZED BY THE LEASE. The railway company leased to the deceased, Ordelheide, a portion of its right of way for five years on which to erect a grain elevator with certain privileges. The lease contained this stipulation: "Upon the express condition and stipulation that the said second party shall assume all risk from fire from every cause, and shall hold and keep harmless said first party from any and all damage whatsoever, from fire or any other cause, to any buildings that may be erected on the land herein leased,

or to their appurtenances or contents, which guarantee enters into and forms a part of the consideration that induces said first party to make this lease." *Held*, that Ordelheide's estate, under this stipulation, was made liable to pay the loss that the railway company suffered by reason of the judgments obtained against it, and were forced to pay.

2. ———: ———: CONTRACT AGAINST LIABILITY: EQUIVALENT TO A CONTRACT OF INSURANCE. The contract contained in the lease was tantamount to one of insurance, which obligated the deceased or his estate to pay, even though the loss might be occasioned by the negligence of the assured, if such negligence was not intentional.

3. ———: ———: PUBLIC POLICY. The contract embraced in the stipulation of the lease was substantially one of insurance on the part of the deceased, and being founded on sufficient consideration, created an obligation in nowise obnoxious to public policy, and is enforcible against his estate, for any damages occasioned plaintiff by its breach.

4. ———: ———: ———: JURISDICTION OF PROBATE COURT. The breach of the contract of the decedent occurred in his lifetime, and the amount of damages thereby occasioned was evidenced by two judgments, hence, the demand thus created was cognizable in the circuit or probate court.

Appeal from Warren Circuit Court.—*Hon. Elliott M. Hughes,* Judge.

AFFIRMED.

### STATEMENT OF THE CASE.

In 1892, plaintiff leased, for a term of five years, a portion of its right of way near Wright City, Missouri, to E. F. Ordelheide, for the purpose of erecting a grain elevator, with a privilege to the lessee to remove the building within a reasonable time after the expiration of the term of the lease. Among other things, the lease contained the following stipulation on the part of the lessee: "Upon the express condition and stipu-

lation that the said second party shall assume all risk from fire from every cause, and shall hold and keep harmless said first party from any and all damage whatsoever, from fire or any other cause, to any buildings that may be erected on the land herein leased, or to their appurtenances *or contents,* which guarantee enters into and forms part of the consideration that induces said first party to make this lease." The lessee constructed the building specified in this lease which, and its contents, were destroyed by fire caused by sparks from a locomotive engine on the railroad of plaintiff. For the damages thus occasioned, three suits were brought, one by the lessee and owner of the building and the other two by the respective owners of the property contained in the building and consumed by the fire. On appeal to this court the recoveries for the goods stored in the buildings were affirmed, but the judgment in favor of the owner of the building, as lessee of plaintiff, was reversed without remand. Ordelheide v. Wabash R. R. Co., 80 Mo. App. 357. The plaintiff paid the judgment against it in favor of said owners and the said Ordelheide having died, the plaintiff filed the present petition in the probate court of Warren county, where his estate was in the course of administration, for an allowance against it equal to the aggregate amount paid on said judgment, claiming a right to such reimbursement under the terms of the aforesaid lease. After the trial in the probate court, the case was taken to the circuit court, which gave judgment for plaintiff, from which the defendants have appealed to this court.

No briefs furnished reporter.

BOND, J.—Our Supreme Court has adopted the definition of a contract of insurance given in the text by Mr. May: "Insurance is simply a contract whereby one for a considera-

tion undertakes to compensate another if he shall suffer loss."
Duff v. Fire Ass'n, 129 Mo. 1. c. 465; K. C. M. & B. R. R.
Co. v. Southern R'y News Co., 151 Mo. 389. In the case
last cited, it is expressly held that a contract, whereby a news
company obligated itself to hold the railroad company harmless
for injuries to the employees of the news company while being
carried as passengers, happening by the negligence of the serv-
ants of the railroad company would entitle the railroad com-
pany to reimbursement for damages paid upon a judgment
recovered for the death of an employee of the news company
in a collision caused by the negligence of the servants of the
railroad company. And further, that the enforcement of such
a contract was not prevented by maxims of public policy. This
doctrine is well supported by that principle of the insurance
law which obligates the insurer to pay, notwithstanding the fact
that the loss has been occasioned by the negligence of the as-
sured, permitting nothing less than willful causation of the
loss to relieve the insurer from the performance of his con-
tract. Mathews v. R'y Co., 121 Mo. loc. cit. 336, citing
Rowell v. R'y, 57 N. H. 132; Hartford Ins. Co. v. R'y, 175
U. S. loc. cit. 98. The last case states the principle thus:
"Even a common carrier may obtain insurance against losses
occasioned by the negligence of himself or of his servants," and
prefaces this remark by an animadversion of the particular
authorities cited by the learned counsel for appellant in sup-
port of the notion that public policy should avoid any contract
predicating a right to indemnify for one's own fault or negli-
gence, of which contention the Supreme Court of the United
States says: "And it is certainly too sweeping," and only
finding support in the dicta of one case and the general remark
of a text-writer.

Our conclusion is, that the contract expressed in the stip-
ulation of the lease, whereby E. F. Ordelheide agreed to hold

the plaintiff harmless for all damages occasioned by fire to the grain elevator and its *contents*, was substantially one of insurance on his part, and, being founded on a sufficient consideration, created an obligation in nowise obnoxious to public policy and enforcible against his estate for any damages occasoned to plaintiff by its breach. When plaintiff paid the two adverse judgments for the value of the contents of the building, which were destroyed by fire, its right instantly attached under the express language of this contract of indemnity to recover over against the covenantor or his estate. This disposes of the argument of the learned counsel for appellant, touching the validity of the contract between plaintiff and its lessee.

It is, however, further insisted by appellant that the probate court had no jurisdiction of demands similar to those under review. The breach of the contract of the decedent occurred in his lifetime and the amount of damages thereby occasioned was evidenced by two judgments. The demands thus created were cognizable either in the circuit court or the probate court. R. S. 1899, secs. 191, 192; Jamison v. Wickham, 67 Mo. App. loc. cit. 579; Cole County v. Dallmeyer, 101 Mo. loc. cit. 65. We are unable, therefore, to concur in the view that the probate court was without jurisdiction to make an allowance of the demands alleged in this action. The result is the judgment herein is affirmed. All concur.